UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| HEIDI BURIAN, individually and on behalf of others similarly situated,<br><br>            Plaintiffs,<br><br>    - against -<br><br>COSTCO WHOLESALE CORPORATION,<br><br>            Defendant. | Case No.: 22-cv-2108<br><br>**CLASS & COLLECTIVE ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

The Named Plaintiff HEIDI BURIAN (the "Named Plaintiff"), by her attorneys, Leeds Brown Law, P.C., alleges upon knowledge to herself and upon information and belief as to all other matters as follows:

## PRELIMINARY STATEMENT

1. This action is brought pursuant to New York Labor Law ("NYLL") Article 6 §§ 190 *et seq.*, NYLL Article 19 § 663, and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207 and 216(b), to recover damages for delinquent wage payments made to workers who qualify as manual laborers and who were employed by Defendant COSTCO WHOLESALE CORPORATION ("Defendant") between April 11, 2016 and July 7, 2020 in the State of New York, as well as monies owed for failing to compensate workers for all time worked, including hours that qualify as overtime hours.

2. Upon information and belief, since at least April 12, 2016 and continuing through the present (the "Relevant Period"), Defendant compensated all its employees on a bi-weekly basis, regardless of whether said employees qualified as manual laborers under the NYLL.

3. Upon information and belief, prior to July 8, 2020, Defendant had not been authorized by the New York State Department of Labor Commissioner to compensate its employees who qualified as manual laborers on a bi-weekly basis, in contravention of NYLL Article 6 § 191, which requires that without explicitly authorization from said Commissioner, such workers must be compensated not less frequently than on a weekly basis.

4. Moreover, throughout the Relevant Period, Defendant has engaged in a policy and practice of failing to pay its employees for all hours worked, including but not limited to by automatically deducting a 30-minute break for lunch, irrespective of whether an employee actually took a lunch break, and by generally paying its employees in a manner reflective of their schedule – rather than the hours they actually worked (and in so doing failing to compensate them for time worked before or after their scheduled shifts).

5. As a result of Defendant's policy and practice of automatically deducting a half hour per shift and failing to capture all compensable hours, the Named Plaintiff and similarly situated employees were routinely denied proper pay, including overtime pay that they lawfully had earned.

## JURISDICTION & VENUE

6. This Court has personal jurisdiction over Defendant because Defendant conducts business in the State of New York, and has several retail establishments where the Named Plaintiff and other employees work, including in this District.

7. This Court has subject matter jurisdiction over this proposed class action pursuant to 28 U.S.C. § 1332(d), under the provisions of the Class Action Fairness Act, which specifies that the federal courts maintain original jurisdiction in any class action in which at least 100 members are in the proposed plaintiff class, any member of the plaintiff class is a citizen of a state different

from any defendant, and the matter in controversy exceeds the sum of $5,000,000, exclusive of interest and costs. The Named Plaintiff submits that all such conditions are satisfied such that this Court has original jurisdiction.

8. Moreover, jurisdiction of this Court is also invoked pursuant to FLSA 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331 and 1337. This Court also has supplemental jurisdiction under 28 U.S.C. § 1367 of the claims brought under the NYLL.

9. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because a substantial part of the events or omissions giving rise to the claims at issue occurred in this District.

## THE PARTIES

10. Plaintiff HEIDI BURIAN is an individual who currently resides in the State of New York, and who was employed by Defendant in a non-exempt, hourly position that typically required she perform duties as a manual laborer for more than 25% of her workday, including by processing returns, lifting bulk items, handling large goods, and assisting customers while on her feet regularly for the entirety of her workday. Plaintiff was compensated every other week by Defendant throughout the entirety of her employment, which commenced in or around 2013 and ended in or around December 2021 at its Melville, New York location. Plaintiff was time and again injured by Defendant's failure to pay her timely wages, inasmuch as Defendant's conduct routinely deprived her on a temporary basis of monies owed to her. Moreover, Plaintiff's typical schedule was 9:00am to 5:30pm, five days per week, which meant she was typically scheduled for her shifts to collectively span 42.5 hours per week. However, Plaintiff was typically compensated for only 40.0 hours per week, which, upon information and belief, was to account for an uncompensated purported 30-minute lunch break that Plaintiff often was actually not afforded. Additionally, Defendant customarily failed to provide pay for other compensable time worked, as Plaintiff

regularly performed work tasks prior to her scheduled shift beginning and after her scheduled shift ended.

11. Upon information and belief, Defendant COSTCO WHOLESALE CORPORATION a foreign limited liability company organized and existing under the laws of the State of Washington, with a headquarters and principal place of business located in Issaquah, Washington.

## CLASS AND COLLECTIVE ALLEGATIONS

12. This action is properly maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure and as a collective action under 29 U.S.C. § 216(b).

13. This action is brought on behalf of the Named Plaintiff and a class and collective consisting of similarly situated employees who performed work for Defendant non-exempt, hourly positions that required workers perform manual labor for more than 25% of their workdays.

14. The putative class and collective is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be in excess of hundreds, if not thousands, of employees. In addition, the names of all potential members of the putative class are not known.

15. The questions of law and fact common to the putative class and collective predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to:

    a) whether Defendant compensated their employees on a bi-weekly basis;
    b) whether Defendant was lawfully permitted to compensate their employees on a bi-weekly basis;
    c) whether Defendant's conduct constitutes a violation of NYLL § 191;

   d)  whether Defendant had a policy and practice of automatically deducting thirty minutes per shift from its employees' compensable time in violation of the law; and,

   e)  whether Defendant had a policy and practice of compensating its workers based on their schedule as opposed to the actual amount of time they worked by failing to compensate them for work performed prior to or after their scheduled shifts.

16. The claims of the Named Plaintiff are typical of the claims of the putative class and collective. The Named Plaintiff and putative class and collective members were all subject to Defendant's policies and willful practices of failing to compensate employees in compliance with applicable law.

17. The Named Plaintiff and her counsel will fairly and adequately protect the interests of the putative class and collective.

18. The Named Plaintiff has retained counsel experienced in complex wage and hour class and collective action litigation.

19. A class and collective action is superior to other available methods for the fair and efficient adjudication of this controversy. The individual Named Plaintiff and putative class and collective members lack the financial resources to adequately prosecute separate lawsuits against Defendant.

20. A class and collective action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendant's policies.

### FIRST CAUSE OF ACTION AGAINST DEFENDANT: FAILURE TO PAY TIMELY WAGES

21. The Named Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

22. The timely payment of wages provisions of NYLL § 191 and its supporting regulations apply to Defendant and protect the Named Plaintiff and members of the putative class.

23. Defendant failed to pay the Named Plaintiff and members of the putative class on a timely basis as required by NYLL § 191(1)(a).

24. By the foregoing reasons, Defendant violated NYLL § 191(1)(a), and as such is liable to the Named Plaintiff and putative class members in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

### SECOND CAUSE OF ACTION AGAINST DEFENDANT: FLSA OVERTIME WAGE COMPENSATION

25. The Named Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

26. Defendant is an employers, within the meaning contemplated, pursuant to 29 U.S.C. § 203(d) and case law interpreting the same

27. The Named Plaintiff, and those individuals similarly situated, are employees, within the meaning contemplated, pursuant to 29 U.S.C. §203(e).

28. Pursuant to 29 U.S.C. § 207, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty [40] hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

29. The Named Plaintiff, and, upon information and belief, those individuals similarly situated, including those specifically in employed in full-time capacities, routinely worked in

excess of forty (40) hours per week, regularly working approximately 41 to 42 hours per week, inasmuch as at least one to two days per week employees would work through their lunch break.

30. The Named Plaintiff was regularly compensated for almost precisely 40 hours per week, but typically worked approximately 42 hours per week.

31. As such, the Named Plaintiff, and those individuals similarly situated, upon information and belief, did not receive overtime compensation at the rate of one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in any given week.

32. Consequently, by failing to pay the Named Plaintiff, and those individuals similarly situated, all their overtime compensation, Defendant violated the FLSA 29 U.S.C. § 207.

33. Upon information and belief, the failure of the Defendant to pay overtime compensation was willful.

34. The Named Plaintiff and other similarly situated workers are not exempt from overtime payment pursuant to the FLSA.

35. By the foregoing reasons, Defendant is liable to the Named Plaintiff, and those individuals similarly situated, in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

### THIRD CAUSE OF ACTION AGAINST DEFENDANT: NEW YORK OVERTIME WAGE COMPENSATION

36. The Named Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

37. Defendant is an employer within the meaning contemplated, pursuant to New York Labor Law Article 19 § 651(6) and the supporting New York State Department of Labor Regulations.

38. Plaintiff is an employee within the meaning contemplated, pursuant to New York Labor Law Article 19 § 651(5) and the supporting New York State Department of Labor Regulations.

39. Defendant is subject to the regulations set forth in the "Miscellaneous Industries and Occupations" under NYCRR Part 142.

40. Pursuant to 12 NYCRR § 142-2.2, an employer must pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate of pay.

41. New York Labor Law Article 19 § 663, provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

42. The Named Plaintiff, and, upon information and belief, those individuals similarly situated, consistently worked in excess of forty (40) hours per week, regularly working approximately 41 to 42 hours per week.

43. The Named Plaintiff, and those individuals similarly situated, did not receive overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in any given week.

44. Consequently, by failing to pay to the Named Plaintiff, and those individuals similarly situated, all their overtime compensation, Defendant violated New York Labor Law Article 19 § 663 and 12 NYCRR § 142-2.2.

45. Upon information and belief, Defendant's failure to pay overtime compensation was willful.

46. By the foregoing reasons, Defendant has violated New York Labor Law Article 19 § 663 and 12 NYCRR § 142-2.2 and is liable to Plaintiff and similarly situated individuals in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

**WHEREFORE**, the Named Plaintiff, individually and on behalf of others similarly situated, seek the following relief:

(1) on the first cause of action, against Defendant in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs, pursuant to the cited provisions;

(2) on the second cause of action, against Defendant in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs, pursuant to the cited provisions;

(3) on the third cause of action, against Defendant in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs, pursuant to the cited provisions;

(4) together with such other and further relief the Court may deem appropriate.

Dated: Carle Place, New York
      April 12, 2022

**LEEDS BROWN LAW, P.C.**

\_\_\_\_/s/_____
Brett R. Cohen
Jeffrey K. Brown
Michael A. Tompkins
One Old Country Road, Suite 347
Carle Place, New York 11514
Tel: (516) 873-9550

*Attorneys for the Named Plaintiff and*
   *Putative Class & Collective*