

Seyfarth Shaw LLP
620 Eighth Avenue
New York, New York 10018
T (212) 218-5500
F (212) 218-5526

lalmon@seyfarth.com
T (212) 218-5629

www.seyfarth.com

June 9, 2022

**VIA ECF**

Hon. Joan M. Azrack
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    <u>Burian v. Costco Wholesale Corp.</u>, No. 2:22-cv-02108-JMA-AYS

Dear Judge Azrack:

    We are counsel to Costco Wholesale Corp. ("Costco") in the above-referenced action. We write in accordance with Your Honor's Individual Rule IV.B to respectfully request a pre-motion conference in anticipation of a Motion to Dismiss.

    Plaintiff Heidi Burian is a former employee of Costco. She asserts claims under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") on a putative collective and class basis for (1) failure to pay wages timely under NYLL § 191; (2) failure to pay overtime under the FLSA; and (3) failure to pay overtime under the NYLL.

**I.    Plaintiff's Second and Third Causes of Action Should Be Dismissed Based on Insufficient Allegations.**

    Plaintiff's Second and Third Causes of Action allege that she performed uncompensated "off-the-clock" work, either by working through unpaid meal breaks that allegedly were "often" not afforded (ECF No. 1, Compl. ¶ 10), and/or by "regularly" performing work prior to and after her scheduled shifts (*id.*).

    The Second Circuit has held that, in order to state a claim for denial of overtime under the FLSA, "a plaintiff must plead more than the number of hours worked in a typical week and the alleged time worked without pay." *Spiteri v. Russo*, 2013 WL 4806960, at *55 (E.D.N.Y. Sept. 7, 2013), *aff'd sub nom. Spiteri v. Camacho*, 622 F. App'x 9 (2d Cir. 2015) (citing *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 201 (2d Cir. 2013)). The plaintiff "needs to provide 'content and context to [her] allegations to make [her] overtime claim plausible.'" *Fridman v. GCS Computers LLC*, 2018 WL 1581990, at *4 (S.D.N.Y. Mar. 27, 2018) (quoting *Ayala v. Looks Great Servs., Inc.*, 2015 WL 4509133, at *9 (E.D.N.Y. July 23, 2015)).

    In *Lundy v. Catholic Health Sys.*, 711 F.3d 106, 114–115 (2d Cir. 2013), for example, the Second Circuit held that the plaintiffs failed to plausibly allege an overtime claim, even though they approximated the hours they typically worked and set out their typical breaks and shift



lengths, because their complaint did not allege that they worked over 40 hours in any *particular* week. The Court went on to affirm the dismissal with prejudice of the plaintiffs' overtime claim under the NYLL, because "the same standard applied to the FLSA and NYLL claims." *Id.* at 118.

Plaintiff's Complaint utterly fails to meet these requirements. Plaintiff vaguely alleges that she was "typically" paid for 40 hours of work per week despite "often" or "regularly" working through her meal breaks or performing unspecified tasks before and/or after her shifts. (Compl. ¶¶ 10, 29.) She does not allege a specific week in which this occurred, any facts delineating the term "often," the supposed duties (if any) she performed during her meals breaks, or any other facts providing the requisite specificity. Just as alleging "typical" hours was insufficient to state a claim in *Lundy*, Plaintiff's allegations with respect to the "typical," "often," or "regular" hours she worked are insufficient to state a claim. *See Butt v. HF Mgmt. Servs., LLC*, 2020 WL 207393, at *1 (E.D.N.Y. Jan. 14, 2020) (dismissing overtime claim where the plaintiff merely alleged his typical work schedule and that he "regularly" worked through lunch breaks and/or performed work before and/or after his regular shifts).

## II. Plaintiff's Allegations of Willfulness Should be Dismissed (Second Cause of Action).

Plaintiff devotes only one allegation to willfulness under the FLSA: "Upon information and belief, the failure of the Defendant to pay overtime compensation was willful." (ECF No. 1, Compl. ¶ 33.) This is insufficient to allege willfulness under the FLSA.

In *Whiteside v. Hover-Davis, Inc.*, 995 F.3d 315, 323 (2d Cir. 2021), the Second Circuit held that "the mere allegation of willfulness is insufficient to allow an FLSA plaintiff to obtain the benefit of the three-year exception at the pleadings stage. Rather, a plaintiff must allege facts that permit a plausible inference that the defendant willfully violated the FLSA[.]"

As Plaintiff failed to do this, she should not "obtain the benefit of the three-year exception" to the FLSA's general two-year limitations period.

## III. Plaintiff's First Cause of Action Should be Dismissed Following Dismissal of the Federal Claims.

Jurisdiction over Plaintiff's First Cause of Action is based on 28 U.S.C. § 1367. (Compl. ¶ 8.) Once the claim affording federal question jurisdiction (Second Cause of Action) is dismissed, Plaintiff's state-law claims should be dismissed without prejudice as well. *See Klein & Co. Futures v. Bd. of Trade of City of New York*, 464 F.3d 255, 262 (2d Cir. 2006) ("It is well settled that where, as here, the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims.").

\* \* \*

On behalf of Costco, we thank the Court for its consideration of this pre-motion conference request.



Respectfully submitted,

SEYFARTH SHAW LLP

*/s/ Lorie E. Almon*

Lorie E. Almon

cc: Counsel of record (via ECF)