# LEEDS BROWN LAW, P.C.
One Old Country Road, Suite 347
Carle Place, New York 11514
(516) 873-9550
_____*Attorneys at Law*_____

June 16, 2022

**Via ECF**
Hon. Joan M. Azrack, U.S.D.J.
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      Re:    ***Burian v. Costco Wholesale Corp.***
                Case No. 2:22-cv-02108-JMA-AYS

Dear Judge Azrack:

      We represent Plaintiff Heidi Burian and the putative class in the above referenced action. Pursuant to Your Honor's Individual Rule IV.B, we write in opposition to Defendant Costco Wholesale Corp.'s ("Costco" or "Defendant") June 9, 2022 letter seeking a pre-motion conference in advance its anticipated motion to dismiss Plaintiff's Complaint. *See* Dkt No. 11 as filed ECF.

      For the reasons detailed below, it is respectfully submitted that Costco's anticipated motion must be denied in its entirety.

**Background**

      Plaintiff Heidi Burian is a former employee of Costco. *See* Dkt. No. 1 at ¶ 10. Her employment with Defendant began in or around 2013 and ended in or around December 2021. *Id.* Throughout the entirety of her employment, Plaintiff worked in a non-exempt, hourly position that required she perform physical tasks such as processing returns, lifting bulk items, handling large goods, and assisting customers, all while on her feet regularly and for the entirety of her workday. *Id.*

      On April 12, 2022, she filed a putative class and collective action complaint asserting claims under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), specifically owing to Defendant's failure to: (1) pay timely wages pursuant to NYLL § 191; (2) pay overtime wage compensation pursuant to FLSA 29 U.S.C. § 207; and (3) pay overtime wage compensation pursuant to NYLL § 663.

      In Defendant's June 9, 2022 letter, Costco argued: (i) Plaintiff's second and third causes of action should be dismissed based upon what it contended to be insufficient allegations; (ii) Plaintiff had not adequately alleged willfulness; and, (iii) the Court should decline to exercise supplemental jurisdiction over Plaintiff's first cause of action (after dismissing Plaintiff's other two causes of action).

# *LEEDS BROWN LAW, P.C.*

I. **Plaintiff Has Sufficiently Alleged FLSA Overtime Wage Compensation**

    (A)    **Overtime Has Been Alleged Under the FLSA**

The Second Circuit has provided "guidance" to plead a plausible FLSA overtime claim. *Butt v. HF Mgmt. Servs., LLC*, 2020 WL 207393, at *5-6 (E.D.N.Y. Jan. 14, 2020). First, the plaintiff "must allege the hours of assigned work in a given week." *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 201 (2d Cir. 2013). Second, in order "to survive a motion to dismiss, Plaintiff must allege sufficient factual matter to state a plausible claim that they worked compensable overtime" that "must push the total number of hours worked beyond 40 hours in a given week." *Lundy v. Catholic Health Sys.*, 711 F.3d 106, 114-115 (2d Cir. 2013). Third, the plaintiff must provide factual content and context to his allegation to make his overtime claim plausible. *DeJesus v. HF Management Services, LLC*, 726 F.3d 89 (2d Cir. 2013).

More specifically, "under Federal Rule of Civil Procedure 8(a)(2), a 'plausible' claim contains 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." (internal citations omitted).

Here, Plaintiff has very clearly alleged that she worked more than 40 hours in a given workweek by stating that her typical schedule was from 9:00 A.M. to 5:30 P.M five days per week. *See* Dkt. No. 1 at ¶ 10. Thus, Plaintiff has clearly pled her typical schedule required her to work 42.5 hours per week – 2.5 hours over the 40-hour threshold. *Id.* That said, Plaintiff alleged she was typically only compensated for 40 hours per week, because Defendant, upon information and belief, automatically assumed Plaintiff received a 30-minute lunch break; however, Plaintiff alleged she often was not afforded the lunch break. *Id.* Moreover, Plaintiff alleged she regularly performed tasks prior to and after her scheduled shifts, resulting in additional, uncompensated overtime hours worked. *Id.*

In *Butt v. HF Mgmt. Servs., LLC*, the court found the plaintiff to have successfully pled a plausible overtime claim under the FLSA.[1] 2020 WL 207393, *6-7 (E.D.N.Y. Jan. 13, 2020). ("With these principles in mind, I find that the plaintiff has plausibly pled an FLSA claim for overtime.") Similar to Plaintiff Burian, Butt alleged that he was scheduled to work at least a "baseline of forty hours a week," that he "worked during his lunch break," and that he also "worked before and after work." *Id.* Thus, it is respectfully submitted Plaintiff Burian's allegations are even more detailed than those in *Butt*, and so dismissal here is clearly unwarranted.

By paying its employees in a manner reflective of their schedule rather than the hours they actually worked, Defendant has neglected to adequately and lawfully pay Plaintiff and her coworkers for all hours worked. Such "factual content" will surely "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Because of all the "sufficient factual matter" alleged, Plaintiff's second cause of action should absolutely "survive a motion to dismiss." *Lundy*, 711 F.3d at 106.

---

[1] Butt's complaint was ultimately dismissed on other grounds that are inapplicable here.

# LEEDS BROWN LAW, P.C.

### (B)  Overtime Has Been Alleged Under the NYLL

Defendant is subject to the regulations set forth in N.Y. Comp. Codes R. & Regs. tit. 12 § 142-2.2 which provide that an employer must pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate of pay. NYLL § 663 provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

"The same standard applie[s] to the FLSA and NYLL claims." *Lundy*, 711 F.3d at 118. Consequently, for the reasons set forth with respect to Plaintiff's FLSA overtime claim, Plaintiff has adequately alleged that by failing to pay Plaintiff her overtime compensation, Defendant has violated NYLL § 663 and 12 NYCRR § 142-2.2, and so her third cause of action should survive dismissal. *See* Dkt. No. 1 at ¶ 44.

### II.  Plaintiff Has Sufficiently Alleged Defendant's Willfulness

Defendant cites *Whiteside v. Hover-Davis, Inc.*, for the proposition that "the mere allegation of willfulness is insufficient to allow an FLSA plaintiff to obtain the benefit of the three-year exception at the pleadings stage." 995 F.3d 315 (2d Cir. 2021). Critically, in *Whiteside* willfulness was the difference between the plaintiff having a claim or not; here, given Plaintiff Burian was employed as recently as December 2021, she still has timely claims under a two-year lookback measured from the time of commencement of this action. Thus, unlike in *Whiteside*, here Plaintiff Burian has not raised a "mere allegation of willfulness" solely to "proceed through discovery" – she is entitled to discovery regardless of the limitations period applied. *Id.*

### III.  This Court Has Jurisdiction Under CAFA Even Sans Plaintiff's FLSA Claim

Defendant argues that this Court should decline to exercise pendent jurisdiction in the event the Court grants dismissal of Plaintiff's FLSA overtime claim. Assuming *arguendo* Plaintiff's overtime claims do not survive, this Court still has jurisdiction over Plaintiff's NYLL § 191 claim under CAFA. In fact, Plaintiff's Complaint specifically cites CAFA as the basis for subject matter jurisdiction. *See* Dkt. 1 at ¶ 7.

### Conclusion

In sum, Defendant's anticipated application should be denied in its entirety. To the extent, however, the Court finds deficiencies within Plaintiff's Complaint, Plaintiff is confident any such deficiencies can be remedied. As such, in the event Your Honor is inclined to grant Defendant's request for relief, Plaintiff respectfully requests leave to amend.

Respectfully submitted,

LEEDS BROWN LAW, P.C.

_____
Brett R. Cohen